Williams, J.
It is conceded by the plaintiff in error that both of his chattel mortgages, as well as that of the defendant in error, are void as against the assignee, because they were not filed as required by law. His contention is that, inasmuch as his mortgages were prior'to Henry’s, he is entitled to appropriate on the debt secured by *515 them its pro rata share of so much of the fund as would' otherwise be applicable to the debt- due Henry. This would exclude the latter from participation in the fund. The grounds on which it • is sought to sustain this contention are, (1) that while the mortgages of the plaintiff in error are void as to the general, creditors of the mortgagor, they are good as against the subsequent mortgage made to Henry, because he had notice of their existence when his mortgage was received; and, (2) that, by so accepting his mortgage, the latter- impliedly agreed not to assert any claim to the property, or the fund arising, from its sale, until the two prior mortgages should be satisfied. Neither ground is tenable. If Henry were asserting- any claim under his mortgage, or if it were necessary to maintain the mortgage in order to establish his' right to share in the fund, that right might be subject to, or controlled by the relative positions and legal operation of the conflicting mortgages. But the mortgages all being void, both Henry and the plaintiff in error occupy the position of general or unsecured creditors, and each sustains that relation to the fund, and that only. The invalidity of their mortgages does not destroy the validity of the debts due them, nor affect their rights as general creditors; but as such, they stand upon an equality with each other, and with all unsecured creditors. The mode of distribution to such creditors by the assignee of the insolvent debtor, is regulated by law, which secures to each an equal pro rata share in the fund. The mortgages of Edwin Besuden being void, are none the less inoperative against Henry as a general creditor, than they are as against all other creditors of the same class, *516 and are equally ineffectual to control the distribution to him, or diminish his right in the fund. His dividend accrues to him as a general creditor, independent of the mortgage, and not in virtue of it, and consequently, he is under no obligation to surrender it to Edwin who also shares in the fund as a general creditor simply, and takes nothing by virtue of his mortg-ag’e. Nor, did the mortgages give rise to an implied contract that Henry would surrender his dividend in the fund to Edwin. At most, the former was simply a second mortgagee, while the mortgages subsisted as liens. This would ordinarily be sufficient to enable the first mortgagee, as between the mortgages, to enforce the application of the property to the payment of his debt, leaving the surplus, if any, for the second mortgagee. This right arises by operation of law, from the relative positions of the mortgages, and not from any implied contract between the mortgagees, and extends no further than to secure priority of the first mortgage over the second where rights under them are involved. Rights of the second mortgagee which do not depend on his mortgage, or in the assertion of which the mortgage is not relied upon, are not affected by its subordinate relation to another mortgage on the same property. Unquestionably t'he second mortgagee may renounce or abandon his mortgage and sue on the debt; and, after judgment, levy execution on the mortgaged property. In such a ease he acquires the rights of an execution creditor, and the question of priority then becomes one between him as such creditor, and the prior mortgagee, unaffected by the fact that he had held a second mortgage; and if he thereby lawfully obtains a prior lien, he cannot be deprived *517 of it upon any theory of implied agreement arising from the mortgage which had been previously made to him. Certainly there can be no implied agreement that he would not enforce collection of his debt by judgment and execution against any property of the debtor which could be lawfully reached by such process; nor does the law imply an agreement that he would relinquish or assign to a prior mortgagee the fruits of his proceeding, or of any that he might lawfully pursue. An assignment for the benefit of the creditors of an insolvent debtor is the equivalent, for the protection of their rights against prior mortgages, to the levy of executions on the property at the suit of each of the creditors, and operates as the seizure of the property by legal process in behalf of each and all of the creditors from the date of the assignment. Hence, if the mortgages are invalid as against execution creditors, they are so for all the purposes of the assignment, and as against all who were creditors at the time it took effect. They can have no influence whatever on the distribution of the fund arising from the sale of the assigned property. Both the plaintiff and defendant in error are therefore entitled to their respective dividends, as general creditors, in the fund here in controversy.
The cases cited by counsel for the plaintiff in error are not applicable to this question, but relate to priorities as between conflicting mortgages upon which the parties relied, and by which their rights were controlled.

Judgment affirmed.